UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SPYGLASS CAPITAL PARTNERS, L.P., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:07-CV-03478 |
| | § | |
| STEPHEN X. KIM and FRED NOLTE, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Before the Court is Defendant Fred Nolte's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. No. 17). After carefully considering the motion, Plaintiff's Response (Doc. No. 22), Defendant Nolte's Reply (Doc. No. 24), Plaintiff's Supplemental Brief (Doc. No. 30), and all relevant law, the Court finds that Defendant Nolte's motion should be denied.

I.   BACKGROUND

Plaintiff Spyglass Capital Partners, L.P. ("Spyglass"), a partnership of investors, brings this case alleging that its former general partner, Defendant Stephen X. Kim ("Kim"), induced Spyglass' six limited partners to purchase securities in Kim's investment scheme by making material misrepresentations and omissions about his background, qualifications, and investment intent. Spyglass alleges that Kim subsequently lost the majority of that money through incompetence, inexperience, embezzlement, misappropriation, conversion, breach of fiduciary duty, and fraud. (First Amend. Orig. Compl., Doc. No. 12, ¶¶ 1.) In total, Spyglass asserts ten claims for relief based on the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b); Rule 10b-5 promulgated by the Securities and Exchange Commission under that Act, 17 C.F.R. § 240.10b-5;

Texas Business and Commerce Code § 27.01; the Texas Securities Act § 33; and the common law. (First Amend. Orig. Compl., Doc. No. 12, ¶¶ 38-94.)

All but the ninth claim are made against Kim. The ninth claim, which alleges the vicarious liability of Defendant Fred Nolte ("Nolte"), is the subject of the instant Motion. Spyglass alleges that Nolte, a resident of California, knowingly received funds that were obtained by Kim through a fraudulent transaction, and is therefore vicariously liable for Spyglass' losses as a beneficiary of Kim's fraud. (First Amend. Orig. Compl., Doc. No. 12, ¶¶ 1-2.)

## II. NOLTE'S MOTION TO DISMISS

### A. Legal Standards

Nolte's Motion argues that the Court lacks personal jurisdiction. The Court may exercise personal jurisdiction over a nonresident defendant in a diversity suit only to the extent permitted by the laws of Texas and considerations of constitutional due process. *Command-Aire Corp. v. Ontario Mechanical Sales and Service Inc.*, 963 F.2d 90, 93 (5th Cir. 1992). Because the Texas long-arm statute, Tex. Civ. Prac. & Rem. Code Ann. §§ 17.041-17.045, is coterminous with the Due Process Clause of the Fourteenth Amendment to the United States Constitution, U.S. Const. amend. XIV, § 1, the Court's constitutional due process inquiry into personal jurisdiction also serves as an inquiry into personal jurisdiction under the Texas long-arm statute. *Command-Aire Corp.*, 963 F.3d. at 93-94.

To comport with constitutional due process, Plaintiff must show: (1) that Defendant purposefully availed itself of the benefits and protections of Texas law, thereby establishing "minimum contacts" with Texas such that Defendant could reasonably have anticipated being haled into court there; and (2) that under the circumstances, the exercise of personal jurisdiction

"does not offend traditional notions of fair play and substantial justice." *Id.* at 94 (*citing Asahi Metal Industry Co. v. Superior Court of California*, 480 U.S. 102 (1987); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985); *and Asarco, Inc. v. Glenara, Ltd.*, 912 F.2d 784 (5th Cir.1990)); *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985) ("When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident.").

In addition, because Plaintiff argues that the Court has specific, as opposed to general, personal jurisdiction, Plaintiff's cause of action must arise from or relate to Defendant's contacts with the forum state. *See, e.g. Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8 (1984); *accord Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 584-85 (Tex. 2007) (citing *Rush v. Savchuk*, 444 U.S. 320, 329 (1980)) (requiring a "substantial connection" between Defendant's contacts and the facts of the litigation).

In deciding this matter, the Court emphasizes that, while the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists, a *prima facie* showing suffices, and Plaintiff need not establish jurisdiction by a preponderance of the evidence. *Love N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006). Moreover, for purposes of this Order, the Court must view all facts contested in the affidavits in favor of jurisdiction. *Id.*; *Wyatt v. Kaplan* 686 F.2d 276, 280 (5th Cir. 1982).

### B. Analysis

The Court has little difficulty determining that, based on these contacts, specific personal jurisdiction over Nolte is proper. It is undisputed that Nolte's contacts with Texas are these: 1) Nolte contracted with Kim, a Texas resident, in 1998; 2) Nolte loaned money to Kim from 1998-2006; 3) Nolte received payments from Kim during that same time frame; and 4) Nolte

communicated with Kim by phone and email from at least 1998-2007.[1] According to the Affidavit of K. Gus Vlahadamis, Nolte also appears to have 5) received numerous payments directly from Spyglass, this despite the fact that Nolte allegedly had no reason to believe that Spyglass owed him money. (Pl.'s Supp. Br., Doc. No. 30, Ex. A.)

If not for the fifth contact, this would be a close case. But, viewing all contested facts in favor of jurisdiction, the fifth contact clearly establishes the Court's jurisdiction over Nolte.[2] These payments constitute the very contact with Texas that gives rise to Spyglass' cause of action: it was the alleged receipt of Spyglass' funds that makes Nolte an alleged beneficiary of Kim's fraud. In cases involving the intentional tort of fraud, "[a] single act by a defendant can be enough to confer personal jurisdiction if that act gives rise to the claim being asserted." *Lewis v. Fresne*, 252 F.3d 352, 358-59 (5th Cir. 2001) (citing *Brown v. Flowers Indus.*, 688 F.2d 328, 332-33 (5th Cir.1982)). The Court therefore finds that Nolte has the required minimum contacts with Texas because Spyglass' cause of action arises directly out of those contacts, and Nolte could have expected to be haled into court in Texas when he accepted payments from Spyglass.

The Court further finds that Nolte's other contacts, while arguably not sufficient on their own to establish minimum contacts with Texas, do tend to show a prolonged and continued relationship to the forum state. Viewed in combination with the repeated receipt of payments from Spyglass, these contacts establish minimum contacts with Texas. Finally, the Court finds that exercising jurisdiction over Nolte does not offend traditional notions of fair play and substantial justice. Nolte has chosen to do business with a Texas resident, he appears to have

---

[1] The parties also agree that Nolte had five or six layovers at the Dallas airport on his way to Brazil for unrelated business, however, neither party suggests that these layovers are relevant contacts in today's minimum contacts analysis.

[2] In fact, at a motion hearing held on March 5, 2008, which was before Spyglass filed its Supplemental Brief or the Affidavit of K. Gus Vlahadamis that included evidence of payments from Spyglass to Nolte, Nolte's attorney stated that such evidence would be a "smoking gun" for purposes of personal jurisdiction.

accepted payments from two Texas residents, and, as demonstrated by the amount of money allegedly transferred to him and the undisputed fact that he periodically travels to Brazil to monitor an investment, he has the means necessary to defend himself in Texas.

### III. CONCLUSION

For these reasons, Defendant Fred Nolte's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. No. 17) is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 12th day of March, 2008.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL
FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY
EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.